# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| D. H. PACE COMPANY, INC., d/b/a OVERHEAD DOOR COMPANY OF ALBUQUERQUE, a Delaware Corporation,<br><br>       Plaintiff,<br>v.<br><br>ABC DOOR COMPANY, a New Mexico Corporation, THOMAS SCHAFER, individually, and TERI SCHAFER, individually,<br><br>       Defendants. | CIVIL ACTION NO. 17-1060<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

D. H. Pace Company, Inc. ("Pace"), appearing through its undersigned counsel, alleges its Complaint against ABC Door Company ("ABC"), and its owners Thomas Schafer and Teri Schafer ("the Schafers") (collectively, ABC and the Schafers are referred to as "Defendants") as follows:

## NATURE OF THE ACTION

1.    For more than fifty years, Pace and its predecessor-in-interest have been engaged in the business of offering quality garage door products, services,

and repairs in the greater metropolitan Albuquerque area and surrounding counties[1] (collectively, the "Greater Albuquerque Area") under the trademark and trade name "Overhead Door Company of Albuquerque." As a result of longstanding and extensive use, advertising, and sales, Pace owns valuable common law rights in the trademark and trade name "Overhead Door Company of Albuquerque."

2.      On information and belief, in approximately 1973, Defendants began operating as a garage door business in Albuquerque, New Mexico under the trade name "ABC Door Co." For at least forty years, Pace (or its predecessor) and ABC Door Co. co-existed peacefully, operating under the principles of fair competition.

3.      Beginning in or around March 2015, however, ABC Door Co. began engaging in unfair internet advertising practices, namely, by using words and phrases in its advertising that are intentionally designed to mislead and confuse consumers into believing that Defendants are the same company as—or are sponsored, affiliated, or licensed by or associated with—Pace and its "Overhead Door Company of Albuquerque" business. Defendants' conduct is unlawful under federal and state law.

---

[1] These counties include: Bernalillo, Catron, Cibola, Colfax, DeBaca, Guadalupe, Harding, Lincoln, Los Alamos, McKinley, Mora, Quay, Rio Arriba, Sandoval, San Juan, San Miguel, Santa Fe, Socorro, Taos, Torrance, Union, and Valencia.

4.     This is an action for unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), for unfair or deceptive trade practices under the New Mexico Unfair Practices Act, N.M.S.A. § 57-12-2, and for trademark infringement and unfair competition under the common law of New Mexico.

## PARTIES

5.     Pace is a Delaware corporation having its principal place of business in Olathe, Kansas. Pace does business in New Mexico and in this District under the trade name "Overhead Door Company of Albuquerque." Pace's Albuquerque office is located at 5656 Pasadena Ave NE, Albuquerque, New Mexico, 87113.

6.     Pace is the Greater Albuquerque Area distributor for Overhead Door Corporation ("ODC"), a manufacturer of high quality doors and related products and equipment. ODC is an Indiana corporation with its principal place of business at 2501 S. State Hwy 121, Lewisville, TX 75067. ODC owns the federally registered (Reg. Nos. 1,807,028, 5,149,005, and 5,149,006) Red Ribbon trademark incorporated in the logo below:



(the "Red Ribbon Mark"). Pace's distributorship agreement with ODC grants Pace the right to use in the Great Albuquerque Area: (a) the Red Ribbon Mark and

(b) the trade name "Overhead Door Company of Albuquerque." The agreement also authorizes Pace to enforce trademark and trade dress rights against infringers in the Greater Albuquerque Area.

7.     Pace also operates in other areas of New Mexico under the trade names Overhead Door Company of Santa Fe and Overhead Door Company of Four Corners.

8.     On information and belief, Defendant ABC Door Company is a New Mexico corporation with a principal place of business at 2915 Richmond NE, Albuquerque, New Mexico, 87107.

9.     On information and belief, ABC is owned and operated by Defendants Thomas and Teri Schafer, who are husband and wife and reside in this District. On further information and belief, the Schafers knowingly authorized, directed, and/or substantially participated in the infringing activity described in this Complaint.

10.     On information and belief, Defendants conduct business in this District under various trade names, including "ABC Door Company," "ABC Door Co." and "A B C Door Co."

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has

supplemental jurisdiction under 28 U.S.C. § 1367(a) of claims under New Mexico law.

12.    Venue is proper under 28 U.S.C. § 1391(b) because the acts giving rise to the claims in this case occurred in this District and Defendants reside in and are doing business in this District.

<strong><u>FACTS COMMON TO ALL CLAIMS FOR RELIEF</u></strong>

**A.    THE OVERHEAD DOOR COMPANY OF ALBUQUERQUE**

13.    For fifty-six (56) years, Pace and its predecessor-in-interest have offered quality garage door products, services, and repairs in the Metro Albuquerque area under the trade name "Overhead Door Company of Albuquerque."

14.    Over its fifty-plus-year history, substantial advertising and promotion has featured the Overhead Door Company of Albuquerque trade name and the Red Ribbon Mark. During the last decade alone, Pace has invested more than $1.1 million advertising and promoting Overhead Door Company of Albuquerque products and related services in the Albuquerque marketplace.

15.    For several decades, Pace has advertised its Overhead Door Company of Albuquerque trade name and the Red Ribbon Mark in numerous places throughout the Greater Albuquerque Area, including: printed and online

publications such as the Yellow Pages, White Pages, Premium Shopping Guide, and Your New Home; television advertisements on KRQE Channel 13, KOAT Channel 7, and KASA Channel 2; and radio advertisements on Channel 770 KKOB. Examples of such advertising are attached as **Exhibit 1**.

16.    For several decades, Pace also has advertised its trade name and the Red Ribbon Mark on the shirts, jackets, and hats its employees wear and on the vehicles its employees drive on their service and sales calls. A photograph of one such vehicle is attached as **Exhibit 2.** Pace employs a staff of approximately 65 individuals and operates a fleet of 55 vehicles in Albuquerque.

17.    Since 2010, Pace has offered its garage-door goods and services via its website at *www.overheaddoorAlbuquerque.com*. Attached as **Exhibit 3** is a true and correct copy of the home page at *www.overheaddoorAlbuquerque.com*. A consumer also can arrive at the primary Overhead Door Company of Albuquerque website via related domain names such as *ohdalb.com*, *ohdalbuquerque.com*, and *overheaddoorofalbuquerque.com*, all of which automatically re-direct to *www.overheaddooralbuquerque.com*.

18.    Pace advertises its goods and services on various search engines (including Google) under the "Overhead Door Company of Albuquerque" name. When a consumer searches for "Overhead Door Company of Albuquerque" or

"Overhead Door Albuquerque," search engines list Pace's Overhead Door Company of Albuquerque website in the list of "organic" results, as well as in the "Sponsored Links" section at the top of the page or in the right-hand column.  True and correct copies of searches on Google.com for "Overhead Door Company of Albuquerque" and "Overhead Door Albuquerque" are attached as **Exhibit 4**.

19.    Pace's sales in New Mexico under the "Overhead Door Company of Albuquerque" trade name have exceeded $54 million over the past decade.

20.    Pace's superior customer service has resulted in several awards, including: Consumer's Choice Awards for Business Excellence from 2002 through 2016; Angie's List Super Service Awards, a consumer reviews website, from 2005 through 2016; Kudzu Key Account Awards for five straight years, also from a consumer rating website; Women's Choice Awards from 2012 through 2016; a 2006 Heart of America Ethics in Business Award from the Midwest Christian Counseling Center; and Pace's Overhead Door Company of Albuquerque is a regular winner of the Associated General Contractors "Best Building" Subcontractor Award.

21.    Pace's Overhead Door Company of Albuquerque has been accredited with the Better Business Bureau since 2012 and has an "A+" rating from that institution. A true and correct copy of a print out from the Better Business

Bureau's website for Overhead Door Company of Albuquerque is attached as **Exhibit 5**.

22.     Pace is also an excellent corporate citizen of Albuquerque. Employees regularly volunteer their time to help the YMCA of Central New Mexico. Pace employees are actively engaged in the community and have donated holiday gifts for children through the Angel Tree program and participated in cancer-research fundraisers.

23.     As a result of Pace's longstanding use and promotion of the trade name "Overhead Door Company of Albuquerque" and the Red Ribbon Mark, Pace has developed great and valuable goodwill in the trade name and Red Ribbon Mark in the Greater Albuquerque Area.

24.     Pace has taken legal action to protect its rights in the Overhead Door Company trade name in the past, each resulting in a successful outcome.

**B.     DEFENDANTS' UNLAWFUL ACTIVITIES**

25.     Defendants are engaged in the business of installing and repairing garage doors and selling garage door products. Defendants' services are sold and offered for sale in direct competition with Pace's services in the Greater Albuquerque Area.

26.     Except for a significant difference in quality and customer service, Defendants' services and Pace's services are the same or similar, and are sold through the same channels of trade and sold to and used by the same consumers.

27.     Defendants have systematically engaged in unfair competition practices in an attempt to trade on the goodwill developed by Pace.

28.     Defendants use Search Engine Marketing ("SEM") and Search Engine Optimization ("SEO") techniques to ensure their advertisements appear at the top of search engine results lists, alongside Pace's links to Overhead Door Company of Albuquerque. Although companies commonly use SEM and SEO techniques to ensure their website is listed at the top of the results page when consumers search for relevant terms, Defendants create advertising titles that are confusingly similar to Pace's Overhead Door Company of Albuquerque trade name. Defendants use these sponsored-ad titles in an effort to improperly divert Pace's current and prospective customers to their own website.

29.     For example, when a consumer searched for "Overhead Door Company of Albuquerque" or "Overhead Door Albuquerque" on Google, Defendants' sponsored advertisement – entitled "Overhead Door Spring Albuquerque – Call for a Quote" – appeared as the second-most relevant result, placing it directly under a Pace-sponsored advertisement, directly above a Pace-

organic search result, and adjacent to a featured advertisement for Pace's Overhead

Door Company of Albuquerque, as shown below. *See also* **Exhibit 4**.



30.     Since at least March 2015, and despite Pace's multiple objections,

Defendants have persistently used advertising titles that are confusingly similar to

Pace's Overhead Door Company of Albuquerque trade name, including "Overhead

Door Albuquerque," "Overhead Door – Custom Designs In Albuquerque," and

"Overhead Door Albuquerque – Call for a Quote," as shown in the examples

below.



31.    Defendants have knowingly, willfully, intentionally, and maliciously traded on Pace's goodwill through their SEM and SEO activities. Defendants have used these misleading tactics in the hopes that by the time a consumer realizes he or she is not ordering goods or services from Overhead Door Company of Albuquerque, it will be too late, or simply too inconvenient, for them to switch to Overhead Door Company of Albuquerque.

32.    Defendants' intentional, willful, and malicious activities described above have enabled Defendants to trade on and receive the benefit of the goodwill Pace has built in the trade name Overhead Door Company of Albuquerque through great labor and expense over many decades in New Mexico.

33.    Defendants have caused and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public

and, additionally, injury to Pace's goodwill and reputation as symbolized by the Overhead Door Company of Albuquerque trade name and Red Ribbon Mark.

34.    Defendants' activities described above create the false and misleading impression that Defendants' services are affiliated, connected, or associated with Pace's Overhead Door Company of Albuquerque, or have the sponsorship, endorsement, or approval of Pace's Overhead Door Company of Albuquerque.

35.    Defendants' unfair and deceptive activities described above remove from Pace the ability to control the nature and quality of services provided in connection with the trade name Overhead Door Company of Albuquerque and place the valuable reputation and goodwill of Pace in the hands of Defendants, over which Pace has no control.

36.    The acts of Defendants have caused irreparable injury to Pace and, unless restrained by this Court will continue to cause irreparable injury to Pace and to the public. There is no adequate remedy at law for this injury.

## COUNT I: FEDERAL UNFAIR COMPETITION
## IN VIOLATION OF § 43(A) OF THE LANHAM ACT

37.    Pace incorporates the allegations of each of the paragraphs above as if fully set forth herein.

38.    The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.   As a result of Defendants' actions, Pace is entitled to permanent injunctive relief for the irreparable harm caused by Defendants, as well as an accounting and disgorgement of Defendants' profits and monetary damages in an amount to be determined at trial.

40.   Defendants' unfair competition has been knowing, willful, and in bad faith, and this is an exceptional case. As a result, Pace should be awarded its attorneys' fees.

## COUNT II: UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER N.M.S.A. § 57-12-1 *et seq.*

41.   Pace incorporates the allegations of each of the paragraphs above as if fully set forth herein.

42.   The acts of Defendants complained of herein constitute unfair and deceptive trade practices under the New Mexico Unfair Practices Act, N.M.S.A. § 57-12-2.

43.   Defendants' unfair and deceptive trade practices have caused and are likely to continue to cause substantial irreparable injury to Pace, for which Pace has no adequate remedy at law, such that Pace is entitled to injunctive relief.

44.   Pace also has been damaged in an amount to be proven at trial.

45.   Defendants' unfair competition has been willful, entitling Plaintiff to treble damages under the N.M.S.A. § 57-12-10.

13

46.    Plaintiff is entitled to attorneys' fees and costs under the N.M.S.A. § 57-12-10(c).

## COUNT III: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE COMMON LAW OF NEW MEXICO

47.    Pace incorporates the allegations of each of the paragraphs above as if fully set forth herein.

48.    The acts of Defendants complained of herein constitute trademark infringement and unfair competition pursuant to the law of the State of New Mexico.

49.    Defendants' unlawful conduct were conducted intentionally or knowingly, and Defendants were utterly indifferent to Pace's rights.

50.    As a result of Defendants' unlawful conduct, Pace has suffered, and continues to suffer, damages in an amount to be proven at trial, and Defendants' unlawful conduct has caused and is likely to continue to cause substantial irreparable injury to Pace, for which Pace has no adequate remedy at law, such that Pace is entitled to injunctive relief.

51.    Defendants' conduct has been willful, entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Pace prays that:

(a)     Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with Defendants be permanently enjoined and restrained from using any of the following in connection with Defendants and Defendants' services:

     i.     The SEM and SEO techniques described herein;

     ii.     The combination of "Overhead" and "Door(s)" with a geographic term, such as the name of any of the cities or counties in the Greater Albuquerque Area or the words "New Mexico" or "National" (e.g. "Overhead Door(s) Albuquerque," Overhead Door(s) in Albuquerque," "National Overhead Door(s)," "Overhead Garage Door(s) Albuquerque," "Overhead Door(s) New Mexico," "Overhead Door(s) of Northern New Mexico");

     iii.     The combination of "Overhead" and "Door(s)" with the word "Company" or "Co.";

      iv.      The words "Overhead" and "Door" in a red font, in arched letters, or otherwise emphasized separately from the rest of the ABC Door Co. name; or

      v.      Any other domain name, mark, logo, design or configuration that is confusingly similar to "Overhead Door Company of Albuquerque" or the Red Ribbon Mark, or otherwise continuing any and all acts of unfair competition and deceptive trade practices as alleged in this Complaint.

(b)    Defendants be ordered to file with this Court and to serve upon Pace, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

(c)    Pace shall recover all damages it has sustained as a result of Defendants' activities, including lost revenue and the cost of corrective advertising, SEM, and SEO, and that such damages be trebled pursuant to 15 U.S.C. § 1117 and N.M.S.A. § 57-12-1 *et. seq.*;

(d)    An accounting be directed to determine Defendants' profits resulting from its activities and that such profits be disgorged to Pace and increased as the Court finds to be just under the circumstances of this case;

(e)     Pace shall recover its reasonable attorneys' fees;

(f)     Pace shall recover punitive damages;

(g)     Pace shall recover its costs of this action and prejudgment and post-judgment interest; and

(h)     Pace shall recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Pace demands a trial by jury.

DATED: October 24, 2017              Respectfully submitted,

                                     */s/M. Eliza Stewart*
                                     M. Eliza Stewart
                                     Madison, Mroz, Steinman
                                     & Dekleva, P.A.
                                     P.O. Box 25467
                                     Albuquerque, New Mexico 87125
                                     (505) 242-2177
                                     (505) 242-7184
                                     Email:
                                     mes@madisonlaw.com

                                     R. Charles Henn Jr. (*pro hac vice* to be
                                     filed)
                                     Jennifer Fairbairn Deal (*pro hac vice* to
                                     be filed)
                                     KILPATRICK TOWNSEND &
                                     STOCKTON LLP
                                     1100 Peachtree Street, Suite 2800
                                     Atlanta, GA 30309-4530
                                     (404) 815-6500

(404) 815-6555 (fax)
Email:
CHenn@KilpatrickTownsend.com
JDeal@KilpatrickTownsend.com

*Counsel for Plaintiff*